11 F.3d 1073
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Anthony FRIAS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 93-3472.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1993.
 
 Before RICH, MICHEL, and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Anthony Frias petitions for review of a decision of the Merit Systems Protection Board (MSPB or Board) dismissing Mr. Frias's appeals, Docket Nos. NY0752910491-I-2 and NY0752910492-I-2, of the suspension and removal actions taken against him by the United States Postal Service (agency). We affirm.
 
 DISCUSSION
 
 2
 This court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 USC Sec. 7703(c) (1988). Mr. Frias has failed to persuade us that any such grounds are present here.
 
 
 3
 In an Initial Decision dated July 7, 1992, an Administrative Judge (AJ) dismissed Mr. Frias's appeals because the agency represented that it had rescinded both actions[1] and Mr. Frias consented to the divestiture of the Board's jurisdiction based on this representation. Mr. Frias later petitioned for review of the AJ's decision by the full Board, however, arguing that he should be allowed to withdraw his consent to the divestiture of Board jurisdiction because (1) the agency allegedly had not actually rescinded the suspension action and (2) the agency subsequently instituted a new removal action based upon the same alleged misconduct that served as the basis for the rescinded removal action. In an Opinion and Order dated June 17, 1993, the Board denied Mr. Frias's petition, yet reopened the case on its own motion and affirmed the decision of the AJ as modified by the Board's Opinion and Order.
 
 
 4
 We find no error in the Board's holding that Mr. Schreck's declaration and the documentary evidence in support thereof adequately establish that the agency rescinded the suspension action against Mr. Frias. We also find no error in the Board's refusal to consider the evidence and arguments that Mr. Frias submitted over two months after the record closed in support of his position that the agency had not rescinded the suspension action, given that Mr. Frias failed to establish that this evidence and argument was not readily available before the record closed. See 5 C.F.R. Sec. 1201.114(i).[2]
 
 
 5
 As to the removal action, we cannot say that the Board erred in holding that it need not consider whether the agency complied with its duty to rescind this action given that Mr. Frias failed to raise this issue in his petition to the Board. See 5 C.F.R. Sec. 1201.114(i) (the Board normally will consider only issues raised in a timely filed petition for review). Even so, we note that Mr. Frias agreed by letter dated May 2, 1992 that his entitlement to back pay and benefits "would terminate on April 8, 1992," in consideration of certain delays for which he was responsible, and therefore the fact that the agency limited its award of back pay to the period ending on April 8, 1992 does not evidence that the agency did not rescind the removal action. Moreover, the fact that the agency instituted a new removal action based upon the same alleged misconduct that served as the basis for the first removal action does not in any way negate the fact that the agency rescinded the particular removal action at issue here. The legality of the agency instituting the new removal action is an issue that Mr. Frias may pursue in his ongoing appeal of that action.
 
 
 
 [1]
 The agency indicates in note 2 of its brief to this court that the "decision to rescind these actions was apparently based upon the [agency's] inadvertent failure to provide Mr. Frias with notice of MSPB appeal rights in the notice of removal."
 
 
 [2]
 Moreover, even if the Board had considered Mr. Frias's belated evidence and arguments, they do not establish grounds for overturning the dismissal of the appeals