NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SYLVESTER E. HARDING, III,**
*Petitioner,*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2011-3091

---

Petition for review of the Merit Systems Protection Board in case no. DA0752100064-I-1.

---

Decided: December 13, 2011

---

SYLVESTER E. HARDING, III, of Lumberton, North Carolina, pro se.

RENEE GERBER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

_____

Before LINN, PROST, and MOORE, *Circuit Judges*.

PER CURIAM.

Sylvester E. Harding, III seeks review of a decision of the Merit Systems Protection Board ("Board") that upheld his indefinite suspension and found that the agency complied with its interim relief obligations. This court *affirms*.

BACKGROUND

Mr. Harding worked as a housekeeping aid at the Fayetteville Veterans Affairs ("VA") Medical Center in North Carolina. In 2008, Mr. Harding was arrested and charged with "possession with intent to manufacture, sell or deliver a controlled substance (cocaine), keeping and maintaining a vehicle that was used for keeping and selling a controlled substance (cocaine), and driving a motor vehicle with a driver's license that was revoked and suspended," and in June 2009, he was indicted on all four charges. On September 8, 2009, the VA notified Mr. Harding that it was considering indefinitely suspending him pending the investigation into his criminal conduct because the indictments provided reasonable cause to believe that Mr. Harding might be guilty of a crime for which a sentence of imprisonment may be imposed. On September 25, 2009, the agency issued a letter indefinitely suspending Mr. Harding, effective September 28, 2009.

Mr. Harding appealed to the Board. The administrative judge reversed Mr. Harding's indefinite suspension because it lacked an "ascertainable end" and therefore could not be sustained. The administrative judge ordered,

inter alia, that the agency provide interim relief, effective from the date of the decision, if a petition for review was filed by either party.

On January 20, 2010, the agency filed a petition for review. Pursuant to 5 C.F.R. § 1201.114(d), Mr. Harding's response was due on or before February 16, 2010. On February 25, 2010, Mr. Harding filed a motion to dismiss the agency's petition because the agency failed to provide interim relief. He subsequently filed pleadings on May 5, 2010, July 27, 2010, August 5, 2010, August 12, 2010, September 17, 2010, and September 22, 2010. On May 5, 2010, he also submitted the transcript of a March 8, 2010, statement given by his supervisor in connection to an equal employment opportunity proceeding. The Board refused to consider any of these filings because they were filed after the close of the record for review.

On December 9, 2010, the Board issued its final decision, reversing the administrative judge and sustaining the indefinite suspension. The Board found that the ascertainable end to Mr. Harding's indefinite suspension existed; it was "the resolution of the criminal proceedings that are the grounds for the suspension." The Board also found that Mr. Harding's indefinite suspension met all the statutory and regulatory requirements for it to be valid and was a reasonable penalty in light of Mr. Harding's indictments. As to the interim relief mandated by order, the Board held that the agency's certification and SF-50 form, which indicated that Mr. Harding was returned to pay status, were sufficient to show that the agency had met its interim relief obligations.

On May 31, 2011, Mr. Harding filed this petition for review of the Board's final decision in this court. On November 28, 2011, Mr. Harding supplemented his brief.

DISCUSSION

The scope of our review in an appeal from a Board decision is limited by statute. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011).

We find no error in the Board's holding that Mr. Harding's indefinite suspension is valid. The Board acknowledged that for an indefinite suspension to be valid, it must have an ascertainable end. While the better practice would be for the agency to explicitly identify the condition subsequent, what is necessary for a valid indefinite suspension is only that such a condition exists. In Mr. Harding's case, the Board acted within its discretion in holding that the ascertainable end to the indefinite suspension was "the resolution of the criminal proceedings that are the grounds for the suspension."

The Board also correctly found that the indefinite suspension otherwise satisfied the requirements of 5 U.S.C. § 7513. Indefinite suspensions lasting more than fourteen days must comply with the procedural protections of 5 U.S.C. § 7513(b), including providing the employee "at least 30 days' advance written notice, unless there is reasonable cause to believe the employee has committed a crime for which a sentence of imprisonment may be imposed." 5 U.S.C. § 7513(b)(1). Although Mr. Harding only had twenty days' advance notice, the Board correctly found that his indictments on multiple felony charges warranted the shorter notice period because the felony charges carried possible sentences of imprison-

ment. *Cf. Dunnington v. Dep't of Justice*, 956 F.2d 1151, 1156-57 (Fed. Cir. 1992) (finding criminal indictment sufficient to meet requirements of reasonable cause to suspend with less than thirty days' notice). Pursuant to § 7513(a), an indefinite suspension action must be taken "only for such cause as will promote the efficiency of the service." To show that a suspension promotes the efficiency of the service, there must be a nexus between the employee's acts of misconduct and the efficiency of service. *See Dunnington*, 956 F.2d at 1155. The Board found that the requisite nexus exists because his misconduct led his supervisors to lose confidence in his ability to perform his duties and the suspension prevented him from accessing veterans' sensitive personal information. Because the Board acted within its discretion in finding that Mr. Harding's indefinite suspension satisfied the protections of § 7513, we uphold the indefinite suspension as valid.

On appeal, Mr. Harding also challenges the Board's refusal to admit his late filings, focusing particular attention on his motion to dismiss for failure to provide interim relief. Mr. Harding filed his motion to dismiss the agency's petition for review on February 25, 2010, nine days after the record of review closed. Pursuant to 5 C.F.R. § 1201.116(b), an appellant may request dismissal of an agency's petition if the agency has failed to provide required interim relief. But, "[i]f the appellant files a motion to dismiss beyond the time limit, the Board will dismiss the motion as untimely unless the appellant shows that it is based on information not readily available before the close of the time limit." *Id.* The Board correctly excluded Mr. Harding's motion because he failed to show that his late motion was based on information not available prior to February 16, 2010. *See Frias v. U.S. Postal Serv.*, No. 93-3472, 1993 WL 456413, at *1 (Fed. Cir. Nov. 9, 1993). In fact, nothing in the record indicates

that Mr. Harding provided any explanation for the late motion.

Yet, even without a timely challenge to the agency's interim relief, the Board remains obligated to ensure that the agency has complied with the interim relief order either by providing the required relief or satisfying the exceptions to such relief. 5 C.F.R. § 1201.115(b)(1). Accompanying its petition for review, the agency submitted a certification and a SF-50 indicating that Mr. Harding was returned to pay status, effective December 16, 2009. The Board, within its discretion, relied on these submissions to confirm that interim relief was provided to Mr. Harding.

The Board also excluded Mr. Harding's response to the petition and other filings, the earliest of which was filed over two months late. If a response is filed late, it is the appellant's obligation to file a motion to show good cause, accompanied with an affidavit or sworn statement explaining the reasons for the untimely filing. 5 C.F.R. § 1201.114(f). None of Mr. Harding's filings were accompanied by a motion, affidavit, or sworn statement explaining why they were late. In such instances, it is squarely within the Board's discretion to determine, based on the existing record, whether there was good cause for the late filing. *Id.* Because nothing on the record provides a rationale for the late filing, we find that the Board did not abuse its discretion in excluding the untimely response and other filings.

Lastly, the Board excluded the testimony transcript of Mr. Harding's supervisor, which was filed over two months late. Although the document itself was not available until March 2010, the evidence contained therein—the supervisor's recollection of events in 2008 and 2009—

was available before the record of review closed. *See Frias*, 1993 WL 456413, at \*1. Because Mr. Harding made no showing that the evidence contained in the transcript was new or otherwise not readily available, the Board did not abuse its discretion in excluding it.

CONCLUSION

Mr. Harding does not present any grounds on which this court may upset the final decision of the Board under the standard of review applicable in this case. Accordingly, based upon the foregoing facts and law, the Board's decision is affirmed.

COSTS

Each party shall bear its own costs.

**AFFIRMED**