## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DONNA M. BEAUFORD,

        Appellant,

      v.

UNITED STATES POSTAL SERVICE,

        Agency.

DOCKET NUMBER
CH-0752-14-0104-I-1

DATE: September 24, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Glenn L. Smith, Esquire, Grand Rapids, Michigan, for the appellant.

David E. Mapp, Esquire, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her indefinite suspension pending resolution of criminal charges. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2       The appellant is a Customer Services Manager for the agency.  Initial Appeal File (IAF), Tab 7 at 54.  In August 2013, the appellant was arrested on agency premises by the Drug Enforcement Administration for covering up and concealing money from a criminal investigation.  *Id*. at 39, 49.  The appellant was indicted by a federal grand jury in August 2013.  *Id*. at 48-52.

¶3       In September 2013, the agency issued a Notice of Proposed Indefinite Suspension-Crime Situation, stating that there was reasonable cause to believe that the appellant had committed one or more serious crimes for which a sentence of imprisonment may be imposed.  *Id*. at 23.  The proposing official indicated that allowing the appellant to remain at work had the potential to cause "unnecessary disruption" to the agency's operations, including from coworkers and customers, given the nature of the charges against the appellant.  *Id*. at 24.  Although the appellant was given 7 calendar days to respond to the proposal, she did not respond.  The deciding official issued a letter of decision indefinitely suspending the appellant in October 2013.  *Id*. at 16-21.

¶4     The appellant filed a timely Board appeal.  IAF, Tab 1.  In response to the appeal, the agency argued that the indefinite suspension was justified because the appellant's position required her to exercise a normal regard for the safety of herself and others as well as participate in various accounting functions on behalf of the agency involving large sums of money.  IAF, Tab 7 at 9.  In response to the agency's argument, the appellant stated that the agency had not proven a nexus between the efficiency of the service and the crime that she was alleged to have committed.  IAF, Tab 10 at 4-7.  She also argued due process violations based upon both the proposing official's failure to include certain arguments advanced by the deciding official, as well as the agency's inclusion of factual assertions in its narrative response that were never provided to her.  *Id*. at 6-7.

¶5     In his initial decision, the administrative judge sustained the indefinite suspension, finding that there was a nexus between the criminal charges against the appellant and the efficiency of the service because of the high level of trust inherent in the appellant's managerial position and the knowingly deceptive nature of the crime with which she was charged.  IAF, Tab 11, Initial Decision (ID) at 5.  In particular, the administrative judge found that the evidence was sufficient to support the deciding official's expressed loss of confidence in the appellant's ability to perform her duties following her indictment.  ID at 5.

¶6     On petition for review, the appellant challenges only the administrative judge's finding of nexus.  She also argues that the deciding official improperly relied on his loss of confidence in her ability to perform her job duties because that consideration was not included in the proposal notice.  Petition for Review (PFR) File, Tab 3 at 5-9.  In response to the petition for review, the agency argues that the appellant's charged crime interfered with her ability to effectively supervise subordinate employees who were aware of her arrest, that upper management had lost confidence in the appellant, and that the appellant's return

to work would result in disruption of the agency's operations.  PFR File, Tab 5 at 9-10.[2]

¶7    An indefinite suspension lasting more than 14 days may be taken "only for such cause as will promote the efficiency of the service."  5 U.S.C. § 7513(a); *see Harding v. Department of Veterans Affairs*, 115 M.S.P.R. 284, ¶ 19 (2010), *aff'd*, 451 F. App'x 947 (Fed. Cir. 2011).  Although "cause" is generally some specific act or omission on the part of the employee that warrants disciplinary action, the Board has found that a felony indictment is sufficient to satisfy the "cause" requirement.  *Harding*, 115 M.S.P.R. 284, ¶ 13.  The agency may show a nexus between off-duty misconduct and the efficiency of the service by three means: (1) a rebuttable presumption in certain egregious circumstances; (2) preponderant evidence that the misconduct adversely affects the appellant's or coworkers' job performance or the agency's trust and confidence in the appellant's job performance; or (3) preponderant evidence that the misconduct interfered with or adversely affected the agency's mission.  *Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74 (1987).

¶8    In his letter of decision, the deciding official noted that the appellant is held to a high standard of conduct as a manager, and indicated that he had lost confidence in her ability to serve as a facility head or manager.  IAF, Tab 7 at 16.  He also noted the seriousness of the criminal charges brought against the appellant and determined that those charges would bring about unnecessary

[2] With its response to the petition for review, the agency submitted the appellant's November 2013 guilty plea to a lesser offense than the originally charged offense and the United States Attorney's recommendation of a sentence of probation.  PFR File, Tab 5 at 17-25.  The agency has not argued how this evidence relates to the issue on appeal other than to imply that the appellant was untruthful when she claimed that she was not guilty of the charged crimes.  *Id*. at 8.  The appellant responded that this evidence should not be included because it is not new and material.  PFR File, Tab 6 at 4.  To the extent that this evidence has been submitted for the first time on petition for review merely to impeach the appellant, we find that it is not new and material evidence and we do not consider it.  *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 18 (2014).

disruption to the agency from coworkers and customers. *Id.* at 16-17. Additionally, the deciding official stated that the criminal charges were suspected or became known to some of the appellant's subordinates and reflected negatively on the agency. *Id.* He also found that the appellant would cause "unnecessary disruption" in the day-to-day operations of the agency; the deciding official therefore determined that the appellant should be suspended pending the disposition of the criminal charges. *Id.* at 18.

¶9 A deciding official's declaration that he lost confidence and trust in an employee may satisfy the nexus requirement. *See Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 9 (2010) (finding that nexus had been established based upon the declaration of the deciding official). Additionally, an unsworn document such as a proposal notice or decision, as opposed to a declaration, may serve as valid proof where it is "not merely conclusory," sets forth the misconduct in great detail, and is supported by other evidence. *See, e.g.*, *Delancy v. U.S. Postal Service*, 88 M.S.P.R. 129, ¶ 8 (2001). We find that the deciding official's statements regarding nexus are supported by other evidence. For instance, the deciding official stated that the appellant's subordinates suspected or became aware of the criminal charges. IAF, Tab 7 at 17. This assertion is supported by the report of investigation, which indicated that the appellant was arrested on-site at the agency. *Id.* at 36. It is therefore possible that the subordinates could have witnessed the appellant's arrest. The seriousness of the charged crimes, mentioned by the deciding official in his decision, is also detailed in the grand jury indictment. *Id.* at 49. We therefore find the record as a whole supports a finding that the agency established nexus by the preponderance of the evidence. *See Ellis*, 114 M.S.P.R. 407, ¶ 9.

¶10 In contesting the finding of nexus, the appellant argues that her position does not involve handling money or dealing with customers. IAF, Tab 10 at 7. She also stated in her January 2014 declaration that the crime with which she was charged did not involve safety or an act of violence. *Id.* at 9. The appellant's

arguments do not, however, rebut the deciding official's statement that he lost confidence in the appellant's ability to perform her duties as a manager. Accordingly, we agree with the administrative judge that the agency has proven a nexus between the charges against the appellant and the efficiency of the service by preponderant evidence. *See Kruger*, 32 M.S.P.R. at 74.

¶11    The appellant challenged the sufficiency of the Notice of Proposed Indefinite Suspension, stating that it did not describe the reasoning for the proposal and that her due process rights were therefore violated. IAF, Tab 10 at 4; PFR File, Tab 2 at 8. The appellant did not respond to the proposed decision despite the fact that she was informed that she had 7 calendar days to respond. *See* IAF, Tab 7 at 24. We have previously held that when an appellant has not responded to a proposed adverse action, we will not find a due process violation without an indication that the appellant made a "reasonable effort" to respond, or that the agency somehow denied the appellant the right to respond "through action, negligence, or design." *Flores v. Department of Defense*, 121 M.S.P.R. 287, ¶ 11 (2014). If the appellant believed that the agency's proposal notice failed to explain the connection between the charges against her and the efficiency of the service, she could have raised that issue with the deciding official. The record does not indicate, and the appellant has not argued, that she attempted to respond to the proposed decision, or that the agency denied her the right to respond. We therefore find that the appellant's due process rights were not violated in this respect. *See id*.

¶12    Finally, the appellant argues that the administrative judge, on his own initiative, relied on the deciding official's "loss of trust" in the appellant in order to support his finding of nexus. PFR File, Tab 3 at 8-9. However, the deciding official stated in his decision to indefinitely suspend the appellant that he "lost confidence" in the appellant's ability to serve in a managerial function. IAF, Tab 7 at 17. We see no reason to find that the deciding official's expressed loss of confidence in the appellant differs from the administrative judge's finding that

the deciding official found her to be not trustworthy. *See Merriam-Webster's Collegiate Dictionary* 1265 (10th ed. 2002) (to be trustworthy is to be "worthy of confidence"). We therefore do not agree with the appellant's assertion that the administrative judge found nexus on a basis different from that of the deciding official.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

> United States Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.