# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SCOTT J. ALGUIRE,
                Appellant,

v.

DEPARTMENT OF AGRICULTURE,
                Agency.

DOCKET NUMBER
SF-0752-14-0343-I-2

DATE: November 20, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Lori Zaremba, Santa Maria, California, for the appellant.

Meagan E. Garland and Suzanne K. Roten, Esquire, San Diego, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's indefinite suspension of the appellant. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant was indefinitely suspended effective January 24, 2014, pending completion of criminal proceedings relative to his indictment on three felony counts.  MSPB Docket No. SF-0752-14-0343-I-1, Initial Appeal File, Tab 6 at 23.  On May 8, 2014, a jury found the appellant not guilty on all of the criminal charges.  MSPB Docket No. SF-0752-14-0343-I-2, Initial Appeal File (IAF-2), Tab 1 at 4-5.  The appellant was returned to duty with back pay retroactive to the day after the not guilty verdict was rendered.  IAF-2, Tab 5 at 11.  The appellant appealed his indefinite suspension to the Board, and a hearing was held on July 18, 2014.  IAF-2, Tab 7, Initial Decision (ID) at 1.  The administrative judge issued an initial decision on July 24, 2014, affirming the agency's decision to indefinitely suspend the appellant.  ID at 1.  The appellant filed a timely petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  The agency filed a response in opposition to the appellant's petition.  PFR File, Tab 3.

¶3        On review the appellant has presented alleged new evidence, which he states became available after the hearing: an order issued by the U.S. District Court for the Central District of California, on July 17, 2014, dismissing with

prejudice the first superseding indictment as well as the underlying indictment in the criminal case against the appellant. PFR File, Tab 1 at 4-5. The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Even assuming that the court order the appellant has submitted is new, it is not of sufficient weight to warrant a different outcome.

¶4        The fact that the indictments against the appellant were eventually dismissed is irrelevant in determining whether the agency had reasonable cause to believe, at the time that it indefinitely suspended him, that the appellant committed a crime for which a sentence of imprisonment could be imposed. *See Harding v. Department of Veterans Affairs*, 115 M.S.P.R. 284, ¶ 17 (2010) (the resolution of the criminal proceedings that are the grounds for an indefinite suspension triggers the end of the indefinite suspension), *aff'd*, 451 F. App'x 947 (Fed. Cir. 2011). The indictments were sufficient reasonable cause for the agency to indefinitely suspend the appellant, even though they were eventually dismissed. *See Hernandez v. Department of the Navy*, 120 M.S.P.R. 14, ¶ 7 (2013) (the Board has held that "reasonable cause" in the context of an indefinite suspension based on possible criminal misconduct is virtually synonymous with "probable cause," which is necessary to support an indictment). The new evidence the appellant has submitted on review, which shows the indictments against him were dismissed after a jury found him not guilty several months after the agency's decision to indefinitely suspend him, does not warrant disturbing the administrative judge's findings in the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their

respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.