# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BRIAN BONETTO,<br>　　　　　　　Appellant, | DOCKET NUMBER<br>DE-0752-13-0228-I-2 |
| 　　　　v. | |
| DEPARTMENT OF JUSTICE,<br>　　　　　　　Agency. | DATE: February 6, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joy Bertrand, Esquire, Scottsdale, Arizona, for the appellant.

Steven R. Simon, Esquire, Phoenix, Arizona, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed his indefinite suspension based on the agency's belief that he had committed a crime after he was indicted in federal district court. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant is a GL-09 Sports Specialist at a federal correctional facility. MSPB Docket No. DE-0752-13-0228-I-1 (I-1), Initial Appeal File (IAF), Tab 8 at 9.  On January 15, 2013, a federal grand jury indicted him for obstruction of justice under 18 U.S.C. § 1519 for knowingly making a false record entry regarding the use of force during an incident that occurred while he was on duty. I-1, IAF, Tab 9 at 6-8.  On January 18, 2013, the agency proposed to indefinitely suspend the appellant because, based on the indictment, the proposing official had reason to believe that the appellant had committed a crime.[2]  I-1, IAF, Tab 8 at

---

[2] The notice specified that the proposal was being issued under the authority of 5 C.F.R. § 752.404(d), which provides for a shortened notice period where the agency has "reasonable cause to believe that the employee has committed a crime for which a sentence of imprisonment may be imposed."  I-1, IAF, Tab 8 at 25; *see* 5 C.F.R. § 752.404(d).  Although the agency originally allowed the appellant 7 days to tender to a response, I-1, IAF, Tab 8 at 26, it subsequently granted him an extension to respond on or before February 22, 2013, *id.* at 20.  The appellant submitted a written response on February 15, 2013.  *Id.* at 14-19.

25-27. On February 22, 2013, the agency imposed the indefinite suspension, which the appellant timely appealed to the Board. *Id.* at 10-12; I-1, IAF, Tab 1.[3] On January 8, 2014, the criminal charges were dismissed without prejudice, and the agency returned the appellant to work on January 10, 2014. I-2, IAF, Tab 14 at 5-7.

¶3 After holding a hearing, the administrative judge affirmed the indefinite suspension, finding that the suspension was valid and that the appellant had failed to prove that his due process rights were violated. I-2, IAF, Tab 31, Initial Decision (ID). The appellant has filed a petition for review, and the agency has responded in opposition. I-2, Petition for Review (PFR) File, Tabs 3, 7.

¶4 To sustain an indefinite suspension, the agency must show: (1) there is reasonable cause to believe that the employee committed a crime for which a term of imprisonment may be imposed; (2) the suspension has an ascertainable end, i.e., a determinable condition subsequent that will bring the suspension to a conclusion; (3) the suspension bears a nexus to the efficiency of the service; and (4) the penalty is reasonable. *Albo v. U.S. Postal Service*, 104 M.S.P.R. 166, ¶¶ 6-7 (2006). The administrative judge found that all of the above criteria were met in this case. ID at 4-9.

¶5 The appellant does not dispute, and we see no reason to disturb, the administrative judge's findings that the agency had reasonable cause to believe that the appellant had committed a crime for which a term of imprisonment may be imposed and that there is a nexus between the criminal charge and the efficiency of the service. *See* PFR File, Tab 3. Rather, the appellant challenges the administrative judge's findings that the indefinite suspension had an ascertainable end and was reasonable. *Id.* at 9-11. He further argues that, even if

---

[3] Due to the ongoing criminal proceedings, the administrative judge dismissed the appeal without prejudice to refile, I-1, IAF, Tab 14, Initial Decision, and refiled the appeal sua sponte 6 months later, MSPB Docket No. DE-0752-13-0228-I-2 (I-2), IAF, Tab 1.

the agency initially had an adequate basis to suspend him, it was obligated to reinstate him prior to the conclusion of the criminal proceedings when it became aware that the prosecution's case lacked merit. *Id.* at 10-11. Lastly, the appellant argues that the administrative judge erroneously determined that he had failed to prove that his due process rights were violated. *Id.* at 11-18.

<u>The administrative judge properly determined that the indefinite suspension had an ascertainable end.</u>

¶6      To be valid, an indefinite suspension must have an ascertainable end. *Harding v. Department of Veterans Affairs*, [115 M.S.P.R. 284](), 290, ¶ 15 (2010) *aff'd*, 451 F. App'x 947 (Fed. Cir. 2011). The appellant argues that the suspension could have continued in perpetuity because the decision letter and proposal notice provided that the suspension would remain in place until resolution of the criminal case and/or until there was sufficient evidence to either return him to duty or to support an administrative action against him. *See* PFR File, Tab 3 at 11; I-1, IAF, Tab 8 at 11, 27. It is well settled, however, that an agency may continue an indefinite suspension after resolution of criminal charges in an employee's favor where the agency provides advance notice of possible administrative action in the suspension proposal or decision notice and takes action within a reasonable time of the conclusion of the criminal proceedings. *Camaj v. Department of Homeland Security*, [119 M.S.P.R. 95](), ¶ 11 (2012). Nevertheless, an agency must provide reinstatement to the date of the resolution of criminal charges in an appellant's favor if it fails to implement an adverse action within a reasonable time. *Id.* In the instant case, the agency provided the appellant notice that the indefinite suspension could extend beyond the resolution of the criminal charges and ultimately reinstated him within 2 days of the dismissal of the criminal charges. *See* I-2, IAF, Tab 14 at 5-7. Accordingly, the indefinite suspension had an ascertainable end and the agency properly reinstated the appellant within a reasonable time after resolution of the criminal case.

<u>The administrative judge properly determined that an indefinite suspension was reasonable under the circumstances.</u>

¶7     The Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). Relevant factors include the nature and seriousness of the offense, the employee's past disciplinary record, the supervisor's confidence in the employee's ability to perform his assigned duties, the consistency of the penalty with the agency's table of penalties, the consistency of the penalty with those imposed on other employees for the same or similar offenses, and the adequacy of alternative sanctions. *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 5 (2010); *Douglas*, 5 M.S.P.R. at 305-06. Not all of the factors will be pertinent in every instance, and so the relevant factors must be balanced in each case to arrive at the appropriate penalty. *Lewis*, 113 M.S.P.R. 657, ¶ 5; *Douglas*, 5 M.S.P.R. at 306. The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that it clearly exceeded the bounds of reasonableness in determining the penalty. *Douglas*, 5 M.S.P.R. at 306

¶8     The appellant argues that the administrative judge erred in finding that the indefinite suspension was reasonable because the deciding official "affirmatively refused" to consider any of the *Douglas* factors and relied exclusively on the agency "practice" of "summarily suspending all employees[] who are indicted." PFR File, Tab 3 at 7, 9-10. Although the term "*Douglas* factors" does not appear in the decision letter, it is clear that the deciding official considered several relevant *Douglas* factors, including the nature and seriousness of the offense and its relation to the appellant's duties. I-1, IAF, Tab 8 at 11; *see* ID at 8. In the decision letter, the deciding official explained that, as a federal law enforcement officer, the allegations set forth in the indictment undermined the appellant's responsibilities as a correctional worker, which included supervising and caring

for the inmates, enforcing rules and regulations, and serving as a role model to all of the staff. I-1, IAF, Tab 8 at 11. He noted that the appellant was expected to obey the letter and spirit of the law and to avoid any action that could adversely affect the public's confidence in the integrity of the federal government. *Id.* Given the nature of the allegations and the appellant's responsibilities and duties, the deciding official concluded that the allegations contained in the indictment were serious. *Id.* Although the deciding official considered the appellant's acceptable performance as a mitigating factor, he found that it did not outweigh the seriousness of the indictment. *Id.* Based on the allegations in the indictment, the deciding official concluded that the agency could not risk the appellant's continued presence in the workplace and that he could not be entrusted with the care and custody of inmates unless he was cleared of the charges. *Id.* At the hearing, the deciding official testified that the prison did not have any non-law enforcement positions or positions without any inmate contact that the appellant could have been placed in rather than being indefinitely suspended.[4] *See* ID at 9.

¶9    In light of the above, we agree with the administrative judge's finding that the agency responsibly exercised its managerial judgment and that an indefinite suspension was not unreasonable.

<u>The administrative judge correctly found that the agency was not obligated to return the appellant to duty prior to the resolution of the criminal charges.</u>

¶10    The appellant argues that the agency should have reinstated him when it became aware that the indictment supporting the suspension was "not well

---

[4] The administrative judge credited this testimony as it was further corroborated by a human resources manager and was not disputed by any other witness. ID at 8. The appellant does not challenge the administrative judge's credibility determination, and we find no reason to disturb it on review. *See* PFR File, Tab 3. The Board must give deference to an administrative judge's credibility determinations when, as here, they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002).

supported" and that the "prosecution against [him] was falling apart." PFR File, Tab 3 at 10-11. Where an indefinite suspension based on an indictment was proper when effected, however, the indefinite suspension will remain proper as long as that indictment remains outstanding. *Jarvis v. Department of Justice*, 45 M.S.P.R. 104, 109 (1990); *see Camaj*, 119 M.S.P.R. 95, ¶¶ 9-10. For the reasons discussed above and as the administrative judge determined, the agency properly imposed the indefinite suspension; accordingly, it remained proper so long as the criminal matter based on the indictment was pending. *See* ID at 4-9. Thus, the agency had no obligation to independently evaluate the merits of the criminal case or to rescind the suspension due to any perceived weakness in the prosecution of the case. *See* ID at 4-5.

The administrative judge correctly determined that the appellant failed to prove his affirmative defense.

¶11    Lastly, the appellant argues that the agency's investigation into the use of force incident violated his constitutional due process rights to notice and warnings against self-incrimination, as well as his right to union representation during questioning. PFR File, Tab 3 at 11-18. Thus, he continues, the prosecution was "illegitimate," and the suspension premised on the indictment violated his due process rights and was illegal. *Id.* at 17-18. The administrative judge rejected the appellant's affirmative defense and noted that such arguments were inappropriate in this forum as they would require the agency to second guess the prosecution's decision in the ongoing criminal complaint. *See* ID at 10 (citing *Jarvis*, 45 M.S.P.R. at 109). We agree. A grand jury indictment is a conclusive determination of the issue of reasonable cause in this context, and the agency is not required to "look behind an indictment" to ensure it is proper or founded upon sufficient proof. *Dalton v. Department of Justice*, 66 M.S.P.R. 429, 436 (1995). Accordingly, we find that the administrative judge correctly determined that the appellant has failed to prove his affirmative defense.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.