**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| NATHAN CONRAD,<br>        Appellant, | DOCKET NUMBER<br>NY-0752-20-0225-I-1 |
|     v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DATE: April 22, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jesse L. Kelly, II, Esquire, Atlanta, Georgia, for the appellant.

Justina L. Lillis, Esquire, Buffalo, New York, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his indefinite suspension. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is a GS-9 Firefighter (Paramedic) for the agency's Bath Veterans Affairs Medical Center. Initial Appeal File (IAF), Tab 4 at 21. On July 28, 2020, a Steuben County, New York grand jury indicted the appellant on seven felony charges and one misdemeanor charge. *Id*. at 33-40. The felony charges included two counts of Criminal Possession of a Controlled Substance, two counts Criminal Sale of a Controlled Substance, and one count each of Hindering Prosecution, Tampering with Physical Evidence, and Unlawful Grand Jury Disclosure. *Id*. at 33-38, 40. The misdemeanor charge was for Unlawful Disclosure of an Indictment. *Id*. at 39.

On August 7, 2020, the agency proposed the appellant's indefinite suspension under 5 U.S.C. chapter 75, based on the July 28, 2020 indictments. *Id*. at 28-29. After the appellant responded, the agency issued a decision indefinitely suspending him "effective August 25, 2020, until the completion of the law enforcement investigation and any related judicial proceedings pertaining to this conduct." *Id*. at 21-27.

The appellant filed a Board appeal, contesting the agency's action on nexus and penalty grounds. IAF, Tab 1, Tab 24. He raised no affirmative defenses.

After a hearing, the administrative judge issued an initial decision affirming the indefinite suspension. IAF, Tab 28, Initial Decision (ID). She found that the indefinite suspension was imposed for an authorized reason and that it had an ascertainable end. ID at 4. She further found that, given the nature and duties of the appellant's position and public knowledge of the matter, the criminal indictments bore a nexus to the efficiency of the service and the penalty was reasonable. ID at 5-6.

The appellant has filed a petition for review, contesting the administrative judge's findings on nexus and penalty. Petition for Review (PFR) File, Tab 1 at 5-7. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

An indefinite suspension is valid when (1) there is reasonable cause to believe that the employee committed a crime for which a sentence of imprisonment may be imposed; (2) the suspension has an ascertainable end; (3) there is a nexus between the criminal charge and the efficiency of the service; and (4) the penalty is reasonable. *Albo v. U.S. Postal Service*, 104 M.S.P.R. 166, ¶ 6 (2006).

We agree with the administrative judge that, based on the July 28, 2020 indictments, the agency had reasonable cause to believe that the appellant committed crimes for which a sentence of imprisonment might be imposed. ID at 4. Specifically, the appellant was charged under New York law with various class B and E felonies, as well as a class B misdemeanor, all of which carry the potential for a sentence of imprisonment. IAF, Tab 4 at 33-40; N.Y. Penal Law §§ 70.00, 70.15, 70.70. Further, because the appellant was indicted following an investigation and grand jury proceedings, rather than being merely charged or arrested, there is sufficient evidence of possible misconduct to meet the threshold requirement of reasonable cause to suspend. *See Dunnington v. Department of Justice*, 956 F.2d 1151 (Fed. Cir. 1992). The appellant does not challenge the

administrative judge's findings on these issues, and we find no reason to disturb them.

The administrative judge also found that the indefinite suspension had an ascertainable end, i.e., the completion of the law enforcement investigation and any related judicial proceedings. ID at 4. The appellant declines to contest this finding on review, and we find that it is supported both by the evidence and the law. PFR File, Tab 1 at 5; IAF, Tab 4 at 22; *see Novak v. Department of the Treasury*, 12 M.S.P.R. 455, 458 (1982) (finding that the appellant's indefinite suspension had an ascertainable end because the agency identified the resolution of criminal proceedings as a condition subsequent), *aff'd and remanded*, 723 F.2d 97 (D.C. Cir. 1983) (Table).

Regarding nexus, the administrative judge found a connection between the criminal charges and the efficiency of the service because the matter had been publicized in the local community and the agency had lost trust and confidence in the appellant's ability to carry out his duty of providing lifesaving medical treatment in emergency situations. ID at 5; IAF, Tab 4 at 22, Tab 7 at 8. Regarding penalty, the administrative judge found that indefinite suspension was within the tolerable limits of reasonableness in light of the agency's concerns about patient care and the medical center's reputation. ID at 5-6. The appellant challenges the administrative judge's findings on nexus and penalty, both under essentially the same theory.

Specifically, the appellant alleges that, prior to the July 28, 2020 indictments, he was indicted on October 8, 2019, for Criminal Possession of a Controlled Substance and Criminal Sale of a Controlled Substance.[2] PFR File,

---

[2] The appellant's account of this matter is not well-supported by the record evidence. *See Pupis v. U.S. Postal Service*, 105 M.S.P.R. 1, ¶ 5 (2007) ("The statements of a party's representative in a pleading do not constitute evidence."). For instance, the record does not contain any copies of these prior indictments, and the administrative judge largely disallowed testimony about the matter on grounds of relevance. For purposes of our analysis, we will assume, without deciding, that the events transpired as the appellant alleges.

Tab 1 at 5; IAF, Tab 1 at 4. However, the agency did not elect to suspend him at that time, but instead detailed him to a different position. *Id*. The agency eventually returned him to his Firefighter position on May 30, 2020, shortly before the October 8, 2019 indictment was dismissed. IAF, Tab 8 at 6. As we understand it, the appellant is arguing that the agency essentially admitted that his 2020 criminal charges did not bear a nexus to the efficiency of the service because it declined to take action against him based on similar charges in 2019. PFR File, Tab 1 at 6. We also understand him to argue that if detail to a non-Firefighter position was an appropriate penalty for his 2019 criminal charges, it should also have been an appropriate penalty for his 2020 criminal charges. *Id*. at 7.

Addressing the issue of nexus first, we are not persuaded that the agency's actions or inactions in the wake of the appellant's October 8, 2019 indictment serve to prevent it from proving nexus as to his July 28, 2020 indictment. It is well-established that an agency may meet its burden of establishing a nexus linking an employee's off-duty misconduct with the efficiency of the service by showing that the misconduct at issue adversely affected the agency's trust and confidence in his job performance. *Beasley v. Department of Defense*, 52 M.S.P.R. 272, 274-75 (1992). The record shows that the agency in this case harbored such concerns, and we find that these concerns were justifiable. IAF, Tab 4 at 22; Hearing Recording, Track 3 (HR 3) at 4:50, 6:35 (testimony of the deciding official). An agency may also establish nexus by showing that off-duty misconduct adversely affected the agency's mission by being directly opposed to that mission or by detracting from public trust and confidence in the agency. *Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74-75 (1987). The record in this case shows that a large part of Bath Medical Center's mission involves helping patients combat drug addiction and that the appellant's alleged off-duty criminal activity was publicized and known throughout the local community, thus establishing nexus under this theory as well. Hearing Recording, Track 2 (HR 2)

at 12:00 (testimony of the proposing official); HR 3 at 6:35 (testimony of the deciding official).

In any event, the appellant himself admits that the agency did take some action following the October 8, 2019 indictment by detailing him out of his position for a time. PFR File, Tab 1 at 5. This alone is sufficient to show that the agency believed that the prior indictment bore some connection to the efficiency of the service. The record also contains other evidence showing that the agency took the matter very seriously; the agency proposed the appellant's removal on October 25, 2019, although it ultimately withdrew the proposal.[3] IAF, Tab 8 at 18. Furthermore, even after it rescinded the proposed removal and returned the appellant to his position of record, the agency still mandated that he undergo drug rehabilitation and follow-up testing, and it proposed to suspend him for 5 days for his October 2019 use of illegal drugs.[4] *Id*. at 19-21. In light of these facts, we are unpersuaded by the appellant's argument that the agency did not find a nexus between his prior off-duty misconduct and the efficiency of the service.

Turning to the issue of penalty, we observe, as an initial matter, that it hardly benefits the appellant's case that he narrowly escaped serious repercussions for similar misconduct less than 1 year before. *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981) (holding that the repetition of an offense is a relevant factor to consider in a penalty analysis). Furthermore, the Board has held that there often will be a range of penalties that would fall within the tolerable limits of reasonableness in a given case, and that an agency's choice to impose a penalty at the more lenient end of that range in one case should not mean that it cannot impose a penalty at the more severe end of that range in another case. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 18.

---

[3] It appears that the agency held its removal decision in abeyance pending the outcome of an internal whistleblower complaint that the appellant had filed, and that it ultimately rescinded the proposal due to the amount of time that had elapsed without a decision. HR 2 at 31:05 (testimony of the deciding official).

[4] The record does not seem to reveal what became of the proposed 5-day suspension.

Likewise, we find that the agency in this case is not prevented from selecting two different but reasonable courses of action for two different but similar incidents of misconduct by the same employee. This is especially so in this case, in which the agency's first course of action was to give the appellant the benefit of the doubt and a chance to reestablish his trustworthiness and reliability, only for the appellant to, apparently, reoffend within the year. Considering the gravity of the criminal charges and their relation to the appellant's duties, position, and responsibilities, we agree with the administrative judge that indefinite suspension was a reasonable penalty under the circumstances. ID at 5-6; *see Jones v. Department of the Interior*, 97 M.S.P.R. 282, ¶ 13 (2004) (stating that, in considering the reasonableness of the penalty, the Board places primary importance upon the nature and seriousness of the offense and its relation to the appellant's duties, position, and responsibilities); *see also Harding v. Department of Veterans Affairs*, 115 M.S.P.R. 284, ¶ 22 (2010) (affirming the appellant's indefinite suspension based on indictment for drug-related felonies), *aff'd*, 451 F. App'x 947 (Fed. Cir. 2011).

Finally, the appellant argues that the administrative judge abused her discretion by not allowing him to impeach the testimony of the proposing and deciding officials. PFR File, Tab 1 at 6. The appellant seems to be referring to an exchange with the deciding official regarding the reasons for the detail assignment. The deciding official testified that the detail assignment was based on the results of a drug test that the agency administered shortly after it learned of the appellant's October 8, 2019 indictment. HR 3 at 15:05 (testimony of the deciding official). The appellant's counsel claimed that he was in possession of a declaration by the deciding official stating that the appellant was detailed because of the positive drug test *and* other (unspecified) reasons, thereby contradicting the proposing and deciding officials' earlier testimony. HR 3 at 18:15. The administrative judge disallowed the introduction of this document. HR 3 at 22:45.

A petition for review must identify any procedural or adjudicatory errors and explain how they affected the outcome of the initial decision. *Special Counsel v. Coffman*, 124 M.S.P.R. 130, ¶ 18 n.6 (2017). Here, the appellant has not provided a copy of the declaration in question with his petition for review or described its contents with sufficient specificity for us to determine whether his substantive rights may have been prejudiced by its exclusion. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (stating that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights). Therefore, we discern no basis to disturb the initial decision based on this allegation of error.

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.