# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TAYLOR M. SHARPE,<br>            Appellant, | DOCKET NUMBER<br>DA-0752-14-0034-I-1 |
| v. | |
| ENVIRONMENTAL PROTECTION<br>   AGENCY,<br>            Agency. | DATE: February 27, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeff Letts</u>, Trenton, New Jersey, for the appellant.

<u>Sherry Lynn Brown-Wilson</u>, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained the appellant's indefinite suspension. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). As explained below, however, we find that the appellant has also challenged the continuation of his indefinite suspension, and we FORWARD the appellant's challenge of that action to the regional office for adjudication.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The agency issued the appellant a notice of proposed indefinite suspension based upon his arrest for alleged violations of the terms of his probation. Initial Appeal File (IAF), Tab 4, Subtab 4g. In proposing its adverse action, the agency cited the appellant's arrest, arraignment, and detention on charges that he committed several probation violations, and it proposed to effectuate his indefinite suspension on less than 30 days' notice pursuant to 5 U.S.C. § 7513(b)(1) citing its reasonable belief that the appellant had committed a crime for which a sentence of imprisonment could be imposed. *Id*. The appellant submitted a written response, and the deciding official subsequently issued a letter of decision imposing the appellant's indefinite suspension. *Id*., Subtabs 4b (letter of decision) and 4e (written reply). Pursuant to 5 U.S.C. § 7513(b)(1), the agency imposed the appellant's indefinite

suspension less than 30 days after first proposing to take the action. *Id*., Subtabs 4b and 4g.

¶3    The appellant filed an appeal of his indefinite suspension arguing, among other things, that the agency erred in imposing the indefinite suspension under 5 U.S.C. § 7513(b) because an alleged violation of probation is not a criminal offense under Texas law. MSPB Docket No. DA-0752-14-0187-I-1, Initial Appeal File (IAF-0187), Tab 13 at 2-3. Following a hearing, the administrative judge sustained the appellant's indefinite suspension, finding that the agency had reasonable cause to believe the appellant had committed a crime for which a sentence of imprisonment could be imposed. IAF, Tab 19, Initial Decision (ID) at 10. The appellant has filed a petition for review arguing that the administrative judge should not have sustained his indefinite suspension, and that he also failed to address whether the agency impermissibly continued his indefinite suspension after it learned that the charges against him were dismissed and he was discharged from probation. Petition for Review (PFR) File, Tab 1 at 4-7, 11. The agency has filed a response in opposition. PFR File, Tab 2.

The administrative judge properly sustained the appellant's indefinite suspension.

¶4    To sustain an indefinite suspension, the agency must show that: (1) it imposed the suspension for an authorized reason; (2) the suspension has an ascertainable end, i.e., a determinable condition subsequent that will bring the suspension to a conclusion; (3) the suspension bears a nexus to the efficiency of the service; and (4) the penalty is reasonable. *Hernandez v. Department of the Navy*, 120 M.S.P.R. 14, ¶ 6 (2013). Among the authorized reasons for imposing an indefinite suspension is an agency's reasonable belief that an employee has committed a crime for which a sentence of imprisonment could be imposed. *Id*.; *Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 13 (2010) (listing the three circumstances which the Board and the Federal Circuit have approved for imposing an indefinite suspension). Like all adverse actions under

chapter 75, an agency's proposed indefinite suspension must comport with the requirements of 5 U.S.C. § 7513, including 30 days' advanced written notice, an opportunity to respond, notice of the right to be represented, and a written decision explaining the basis for taking the action. *See Harding v. Department of Veterans Affairs*, 115 M.S.P.R. 284, ¶ 19 (2010), *aff'd*, 451 F. App'x 947 (Fed. Cir. 2011); *see also* 5 U.S.C. § 7513(b)(1)-(4). An agency, however, may impose an adverse action, including an indefinite suspension, on less than 30 days' notice if it demonstrates that it had reasonable cause to believe the appellant committed a crime for which a sentence of imprisonment could be imposed. *See Perez v. Department of Justice*, 480 F.3d 1309, 1311-12 (Fed. Cir. 2007); *see also* 5 U.S.C. § 7513(b)(1); 5 C.F.R. § 752.404(d).

¶5        Here, because the agency imposed the appellant's indefinite suspension on less than 30 days' notice, the agency must not only establish by a preponderance of the evidence that it had a valid basis for taking the action, but that it also properly effectuated its action under 5 U.S.C. § 7513(b)(1) on a shortened notice period. *See Harding*, 115 M.S.P.R. 284, ¶¶ 13-22. The administrative judge found that the agency established both showings and upon a review of the record, we agree.

¶6        First, we concur with the administrative judge that the agency had a valid basis for invoking the crime exception under 5 U.S.C. § 7513(b) and proposing to indefinitely suspend the appellant on less than 30 days' notice based on his arrest and arraignment on charges of violating his probation. ID at 4-10. The Board has held that the standard for imposing an indefinite suspension is not whether the agency could prevail on the criminal charge but, rather, whether it had a reasonable belief that the appellant committed a crime punishable by a term of imprisonment when it imposed the suspension. *See Dalton v. Department of Justice*, 66 M.S.P.R. 429, 435-36 (1995). When the agency imposed the appellant's suspension, the agency had before it information that the appellant had previously been charged with a second degree felony, that he entered into a

deferred prosecution agreement and had been placed on probation, that he had recently been arrested on charges that he violated the terms of his probation, and that he could be sentenced to a term of imprisonment based upon his violation of probation. IAF, Tab 4, Subtabs 4b and 4g. The Board has previously found that an appellant's arrest on charges of probation violations, coupled with the knowledge of the appellant's prior criminal history, can establish reasonable cause for taking an adverse action on less than 30 days' notice under section 7513(b)(1). *See Cox v. Department of Health & Human Services*, 21 M.S.P.R. 336, 338 (1984), *aff'd*, 765 F.2d 159 (Fed. Cir. 1985) (Table). Thus, because the appellant's original criminal charges remained outstanding and because he could have been imprisoned based upon his alleged probation violations, the agency had proper grounds to invoke the shortened notice period of section 7513(b)(1) when it imposed his indefinite suspension.[2] *See id.*; *see also Camaj v. Department of Homeland Security*, 119 M.S.P.R. 95, ¶¶ 9-10 (2012).

¶7        For the same reasons, we also find that the agency established a valid basis for imposing the appellant's indefinite suspension based on his arrest on charges of violating his probation, and that the indefinite suspension had a determinable condition subsequent triggering the end of the suspension. ID at 10-13; *see Hernandez*, 120 M.S.P.R. 14, ¶ 6 (one of the authorized circumstances for an indefinite suspension is reasonable cause to believe the employee has committed a crime for which a sentence of imprisonment could be imposed); IAF, Tab 4, Subtab 4b (letter of decision explaining condition subsequent which would end the indefinite suspension). We further find that the agency established a nexus between the appellant's arrest and the efficiency of the agency's mission, including a loss of trust and confidence in the appellant's abilities to perform the functions of his position, and that the agency's selected penalty is reasonable.

---

[2] The appellant's argument that violation of probation proceedings are administrative, rather than criminal, in nature does not alter our analysis. *See Cox*, 21 M.S.P.R. at 338; *see also* PFR File, Tab 1 at 5.

*See Harding*, [115 M.S.P.R. 284](#), ¶ 21; *see also* IAF, Tab 4, Subtab 4b at 4-6 (*Douglas* factors) and 4g (notice of proposed enforced leave citing loss of confidence in appellant). Therefore, the administrative judge's initial decision sustaining the appellant's indefinite suspension based on his arrest on charges of violating his probation is AFFIRMED.

<u>We FORWARD the appellant's challenge to the continuation of his indefinite suspension to the regional office for docketing.</u>

¶8    On review, the appellant also argues that the administrative judge failed to adjudicate his challenge to the agency's continuation of his indefinite suspension beyond the date on which the violation of probation proceedings were dismissed and he was discharged from probation. PFR File, Tab 1 at 11-12; IAF, Tab 4, Subtab 4b (specified condition subsequent is the "final disposition of your criminal proceedings . . . and/or any subsequent agency action following the conclusion of those criminal proceedings"). The Federal Circuit has held that there are two different types of Board appeals that may arise from the imposition of an indefinite suspension: one, an inquiry into the propriety of the agency's imposition of the indefinite suspension—which is addressed above; and two, an inquiry into whether the agency failed to timely terminate an indefinite suspension upon the satisfaction of the condition subsequent. *See Sanchez v. Department of Energy*, [117 M.S.P.R. 155](#), ¶ 9 n.2 (2011); *see also Lemons v. Department of the Army*, [111 M.S.P.R. 178](#), ¶ 9 (2009). The Board has jurisdiction to determine whether the condition subsequent has occurred. *Albo v. U.S. Postal Service*, [104 M.S.P.R. 166](#), ¶ 7 (2006).

¶9    The record below reflects that after being arrested and arraigned on charges of violating his probation, the appellant moved to dismiss those proceedings, and the judge assigned to the matter entered an order on November 1, 2013, dismissing the proceedings and terminating the appellant's period of probation. *See* IAF-0187, Tab 13, Exhibit A. The agency, however, did not return the

appellant to a paid status until November 20, 2013.[3] PFR File, Tab 2 at 7. Despite the appellant raising this issue in his prehearing submission, *see* IAF-0187, Tab 13 at 3, the administrative judge did not include it among the issues to be adjudicated in his prehearing conference summary and order, and he did not include an explanation for its omission, *see* IAF, Tab 18 at 2.[4] Because our reviewing court has made clear that the initiation and the continuation of an indefinite suspension are separate appealable actions, and because an appellant has a right to a hearing on an appealable adverse action, we FORWARD this claim to the regional office for docketing as a separate appeal. *See Lemons*, 111 M.S.P.R. 178, ¶¶ 9-11 (forwarding the appellant's claims regarding the continuation of his indefinite suspension to the regional office for adjudication); *see also Shields v. U.S. Postal Service*, 19 M.S.P.R. 546, 549 (1984) (an appellant has a right to a hearing under 5 U.S.C. § 7701(a)(1)).[5]

---

[3] We have been unable to locate in the record any evidence demonstrating that the appellant was returned to duty on this date other than the agency representative's statement that this happened. PFR File, Tab 2 at 7. The statement of a party's representative, however, is not evidence. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 6 n.1 (2014). We leave it to the administrative judge to determine in the first instance the exact date on which the appellant was returned to a paid status.

[4] While the appellant raised the issue of the continuation of his indefinite suspension in the context of a responsive pleading, and not on his initial appeal form, the administrative judge's failure to address this issue still constituted error. *See Coats v. U.S. Postal Service*, 111 M.S.P.R. 268, ¶¶ 15 (2009) (where the appellant raised an involuntary resignation claim before the administrative judge in a responsive pleading, the Board found that the administrative judge should have provided the appellant with *Burgess* notice over this claim and forwarded it for docketing as a separate appeal); *see also Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

[5] The appellant filed a separate appeal challenging his removal. *See* MSPB Docket No. DA-0752-14-0187-I-1. On January 20, 2015, the parties filed a settlement agreement with the Board in that appeal. *See id.*; *see also* PFR File, Tab 4. The parties have submitted a joint stipulation clarifying that the appellant had no intention of withdrawing or dismissing the instant appeal pursuant to the settlement agreement.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

---

PFR File, Tab 4 at 2, 4. The parties also acknowledged that the appellant has a pending appeal of a furlough action, identified under MSPB Docket No. DA-0752-13-2614-I-1, and MSPB consolidation Docket No. CCAD ARX6-3/DA-0752-14-0379-I-1, and that the appellant had no intention of withdrawing or dismissing that appeal as part of the settlement agreement. PFR File, Tab 4 at 3, 5.

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.