# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BYRON MCDONALD,
    Appellant,

   v.

DEPARTMENT OF THE INTERIOR,
    Agency.

DOCKET NUMBER
DE-0752-15-0358-I-1

DATE: February 22, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Byron McDonald, North Las Vegas, Nevada, pro se.

Grant L. Vaughn, Esquire, Salt Lake City, Utah, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which affirmed the agency action indefinitely suspending him. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective May 4, 2015, the agency indefinitely suspended the appellant from his position as a Supervisory Police Officer, finding reasonable cause to believe that he committed a crime for which a term of imprisonment may be imposed. Initial Appeal File (IAF), Tab 13 at 14, 18-21, 39-42. The appellant was alleged to have put his service weapon to a taxi driver's head, asked the driver whether he "wanted to live or die," and subsequently grabbed the driver by his shirt and pulled him back into the vehicle when he attempted to run away from the appellant. *Id.* at 19, 93.

¶3 The appellant filed an appeal with the Board regarding the indefinite suspension. IAF, Tab 1. He argued that the indefinite suspension was invalid because the agency did not have reasonable cause to believe he committed the crime with which he was charged, there was no nexus between his alleged misconduct and the efficiency of the service, and the penalty was unreasonable. *Id.* at 5; IAF, Tab 15 at 5-6, Tabs 19, 36. He raised affirmative defenses of: (1) harmful error, in that the agency purportedly effected his indefinite suspension before informing him of its decision; and (2) discrimination based on race and national origin. IAF, Tabs 7, 19, Tab 21 at 4. After holding the requested hearing, the administrative judge issued an initial decision affirming the agency's action. IAF, Tab 40, Initial Decision (ID). He found that: (1) the

agency had reasonable cause to impose the indefinite suspension; (2) the indefinite suspension had an ascertainable end; (3) there was a nexus between the indefinite suspension and the efficiency of the service; (4) the penalty was reasonable; and (5) the appellant failed to prove his affirmative defenses. ID at 5-20.

¶4   The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He argues that: (1) the indefinite suspension was invalid; (2) the administrative judge erred in finding that he failed to prove his discrimination claims[2]; and (3) the agency violated his due process rights in effecting the indefinite suspension.[3] *Id.* The agency filed a response in opposition to the petition for review, to which the appellant replied. PFR File, Tabs 4-5.

The agency properly sustained the indefinite suspension.

¶5   An indefinite suspension can be sustained if: (1) there is reasonable cause to believe the employee committed a crime for which a term of imprisonment may be imposed; (2) the suspension has an ascertainable end; (3) there is a nexus between the alleged misconduct and the efficiency of the service; and (4) the penalty is reasonable. *Rittgers v. Department of the Army*, 117 M.S.P.R. 182, ¶ 12 (2011). The appellant disputes that the agency satisfied the first, third and fourth requirements.

---

[2]  The appellant does not challenge, and we discern no basis to disturb, the administrative judge's findings concerning his harmful error claim.

[3]  The appellant also argues that the administrative judge erred in failing to consider cases from various Federal district and circuit courts, which he cited to support his position. PFR File, Tab 1 at 14, 19-20. To the extent that the administrative judge disregarded these cases, we discern no error because decisions by Federal district courts and circuits other than the U.S. Court of Appeals for the Federal Circuit are not binding on the Board. *Rassenfoss v. Department of the Treasury*, 121 M.S.P.R. 512, ¶ 16 n.4 (2014); *Nigg v. U.S. Postal Service*, 91 M.S.P.R. 164, ¶ 11 n.3 (2002), *aff'd*, 321 F.3d 1381 (Fed. Cir. 2003). The appellant also asserts that the administrative judge should have considered *Chambers v. Department of the Interior*, 602 F.3d 1370 (Fed. Cir. 2010), *decision on remand*, 116 M.S.P.R. 17 (2011). PFR File, Tab 1 at 19. He appears to be referring to the analysis of Chambers' claim of whistleblower reprisal, which has no applicability in the instant appeal.

*Reasonable Cause*

¶6    The appellant argues that the agency cannot satisfy the reasonable cause requirement because it improperly failed to verify whether he engaged in the criminal misconduct alleged, and also failed to consider evidence proving his innocence. PFR File, Tab 1 at 10, 12-14, 17-19. However, a substantive defense to the alleged criminal misconduct on which an indefinite suspension is based does not defeat an agency's showing of reasonable cause. *Pararas-Carayannis v. Department of Commerce*, 9 F.3d 955, 957-58 (Fed. Cir. 1993). Further, our reviewing court has held that an agency is not required to conduct an independent investigation in all circumstances and that a formal judicial determination made following a preliminary hearing provides more than enough evidence of possible misconduct to meet the threshold requirement of reasonable cause to suspend. *Dunnington v. Department of Justice*, 956 F.2d 1151, 1156-57 (Fed. Cir. 1992).

¶7    In October 2014, a district attorney filed criminal information with a district court charging that the appellant committed the third-degree felony of aggravated assault using a dangerous weapon or other means or force likely to produce death or serious bodily injury. IAF, Tab 13 at 122. A term of imprisonment may be imposed for this offense. Utah Code Ann. § 76-3-203(3); *see* IAF, Tab 13 at 19. On March 5, 2015, following a preliminary hearing, a court found "sufficient probable cause to bind the case over on all counts." IAF, Tab 13 at 49. On March 23, 2015, the appellant was arraigned. *Id.* at 50. He entered a not guilty plea and the case was set for a jury trial. *Id.* These circumstances are sufficient for the agency to meet its burden of showing that it had reasonable cause to believe that the appellant committed a crime for which a term of imprisonment may be imposed.[4] *See Dunnington*, 956 F.2d at 1157. Further, in light of this

---

[4] The appellant disputes that the deciding official relied upon the aforementioned circumstances in reaching his decision and states that the agency impermissibly relied solely on his arrest, his arraignment, and associated newspaper articles to sustain the indefinite suspension. PFR File, Tab 1 at 11-12. The appellant is incorrect. The decision notice summarizes the reasons for the agency's actions including, inter alia,

evidence, we discern no error in the agency's failure to conduct an independent investigation.[5]  *See Hernandez v. Department of the Navy*, [120 M.S.P.R. 14](), ¶¶ 15-16 (2013) (finding that the reasonable cause requirement was satisfied, notwithstanding that the agency proposed the indefinite suspension based upon court documents and did not conduct an independent investigation into the criminal charges, because the district attorney had filed a complaint and the employee had been ordered to appear for a jury trial).

*Nexus*

¶8    An agency may show a nexus between off-duty misconduct and the efficiency of the service by three means:  (1) a rebuttable presumption in certain egregious circumstances;  (2) preponderant evidence that the misconduct adversely affects the appellant's or coworkers' job performance or the agency's trust and confidence in the appellant's job performance; or (3) preponderant evidence that the misconduct interfered with or adversely affected the agency's mission.[6]  *Harding v. Department of Veterans Affairs*, [115 M.S.P.R. 284](), ¶ 21 (2010), *aff'd*, 451 F. App'x 947 (Fed. Cir. 2011).  The administrative judge found that the agency established nexus based upon the latter two means because: (1) the appellant was a police officer and allegedly used his agency-issued service weapon in the crime with which he was charged; (2) the appellant's service

that the appellant:  (1) was arrested; (2) was charged with aggravated assault by criminal complaint; (3) appeared before a judge and pled not guilty to that charge; and (4) was thereafter scheduled for a jury trial.  IAF, Tab 13 at 19.

[5] The appellant argues that the administrative judge erred in failing to consider *Barresi v. U.S. Postal Service*, [65 M.S.P.R. 656](), 663 (1994).  PFR File, Tab 1 at 18-19. However, the administrative judge considered *Barresi* and found it distinguishable from the instant appeal.  ID at 6 n.9.  We agree.  In *Barresi*, the agency relied solely on arrest, arraignment, and unverified news reports.  *Barresi*, 65 M.S.P.R. at 666.  In the instant appeal, the agency relied on those same factors, but additionally relied on a probable cause finding made after a preliminary hearing.  IAF, Tab 13 at 18-19.

[6] The appellant asserts that indefinite suspensions cannot be taken based on the potential for loss of public trust or to protect the agency's reputation, citing *Thomas v. General Services Administration*, [756 F.2d 86]() (Fed. Cir. 1985).  PFR File, Tab 1 at 22. The appellant's argument is incorrect and *Thomas* does not support his position.

weapon was confiscated following the criminal incident and remained in police custody, which inherently interfered with his ability to perform law enforcement duties; and (3) the appellant's criminal matter generated widespread notoriety and media attention that adversely affected the agency's mission and public trust. ID at 8-11.

¶9     The appellant disputes these findings, noting that: (1) his direct supervisor testified that he had not lost trust and confidence in him; (2) the deciding official did not testify that his presence in the workplace would undermine employee morale; (3) while he was on administrative leave prior to his indefinite suspension, the agency briefly returned him to duty, which indicates that his criminal matter did not adversely affect his work performance and that his continued presence in the workplace would not have jeopardized the agency's interests; and (4) he could have performed his investigative duties without a service weapon and, in any event, he is still in possession of three other agency-issued weapons that he could have used in the performance of his duties.[7] PFR File, Tab 1 at 9, 15-17, 20-21.

¶10    We discern no basis to disturb the administrative judge's analysis concerning nexus.[8]  When an employee engages in conduct antithetical to the agency's mission, the agency is not required to demonstrate a specific impact on

---

[7] The appellant argues that the administrative judge improperly assumed that the fact that his service weapon was confiscated inherently interfered with his duties. PFR File, Tab 1 at 20-21. We disagree. The appellant's position involves 30% police officer work and requires "[t]horough knowledge of, and certification, of *all firearms used in performing the work of the position*" and "[s]kill in the use of firearms . . . and other specialized devices *to perform required functions regarding law enforcement*." IAF, Tab 4 at 82-84 (emphasis added).

[8] The appellant claims that the agency presented no evidence of nexus and that the administrative judge instead made arguments on the agency's behalf. PFR File, Tab 1 at 11, 16-17. We disagree and discern no error by the administrative judge. To the extent that the appellant claims bias or prejudice against the administrative judge, we find that he has not overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).

his job performance or service efficiency to establish nexus. *Kruger v. Department of Justice*, 32 M.S.P.R. 71, 75-76 (1987). Thus, the appellant's work history, his ability to perform his duties, and his supervisor's opinion of him, while relevant, do not outweigh the fact that his misconduct was inconsistent with the agency's mission. *See id.* As the deciding official testified, the appellant was charged with a crime which, as a law enforcement officer, he is expected to protect against. August 21, 2015 Hearing Compact Disc (HCD) (testimony of deciding official). In addition, the appellant allegedly used his agency-issued service weapon, which presumably should have been reserved for the performance of his job duties, in the commission of the crime. *Id.*; *see Pararas-Carayannis*, 9 F.3d at 958 (finding that an employee's use of Government property and time to carry out illegal acts was sufficient for the agency to lose trust in him and, therefore, to establish the requisite nexus in an indefinite suspension appeal). Furthermore, the appellant's continued presence in the workplace affected the agency's reputation because his alleged misconduct was publicized in news reports that identified him as a Federal police officer for the agency, including one report which showed a photo of him in his police uniform. HCD (testimony of deciding official); IAF, Tab 13 at 19, Tab 30 at 20-27; *see Jones v. Government Printing Office*, 13 M.S.P.R. 365, 369 (1982) (affirming the administrative judge's conclusion that nexus was shown because the appellant's continued presence in the workplace would affect the agency's reputation, given that the pending criminal action against her received widespread notoriety).[9]

---

[9] The administrative judge cited *Jones* in the initial decision. ID at 9-12, 17-19. The appellant argues that this was error because Jones was indefinitely suspended based upon a murder charge, which is not analogous to the crime he allegedly committed, and his actions did not undermine employee morale like Jones' did. PFR File, Tab 1 at 17. We discern no error. The administrative judge cited *Jones* for the proposition that the notoriety of an offense can support a finding of nexus and the reasonableness of an indefinite suspension, which is accurate. ID at 9-12, 17-19.

*Penalty*

¶11        Where, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Archerda v. Department of Defense*, [121 M.S.P.R. 314](#), ¶ 25 (2014). In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Id.* The Board recognizes that its function is not to displace management's responsibility or to decide what penalty it would impose, but to assure that management judgment has been properly exercised and that the penalty selected by the agency does not exceed the maximum limits of reasonableness. *Id.* Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id.*

¶12        The administrative judge found that the penalty of indefinite suspension was reasonable because: (1) the appellant allegedly committed a crime, using his agency-issued service weapon, which garnered media attention; and (2) law enforcement officers are held to a higher standard of public trust and confidence. ID at 11-13. The administrative judge rejected the appellant's argument that the agency should have instead assigned him administrative duties. ID at 11-12. Specifically, the administrative judge found that this penalty would not have safeguarded the agency's interests because it would not have addressed the notoriety of the appellant's alleged misconduct or the agency's loss of trust and confidence in him. *Id*. The administrative judge found this conclusion appropriate notwithstanding favorable testimony regarding the appellant's character and abilities. ID at 13 n.14.

¶13        On review, the appellant disputes the reasonableness of the agency's selected penalty. He states that the decision notice failed to mention the *Douglas*

factors and, therefore, the agency's penalty is not entitled to deference. PFR File, Tab 1 at 6-7. He argues that the agency failed to properly weigh the *Douglas* factors, noting that: (1) his direct supervisor testified that he had not lost trust and confidence in him; (2) he has extensive training and experience in law enforcement, consistently good performance ratings, and "a spotless employee personnel file"; and (3) the deciding official testified that he did not review the appellant's personnel file. *Id.* at 7-9. He claims that: (1) while he was on administrative leave prior to his indefinite suspension, the agency briefly returned him to duty, which indicates that his criminal matter did not adversely affect his work performance and that his continued presence in the workplace would not have jeopardized the agency's interests[10]; (2) media reports concerning the alleged criminal incident were in an area several hundred miles away from his duty station and the community he serves; and (3) he could have performed his investigative duties without a service weapon. *Id.* at 15-16, 19-21. He further argues that the penalty was unreasonable because testimony from his direct supervisor established that a lesser penalty would have sufficed. *Id.* at 23.

¶14    We discern no basis to disturb the administrative judge's penalty analysis. The appellant is merely disagreeing with the administrative judge's weighing of the evidence, which does not establish a basis for review. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (mere reargument of issues already raised and properly resolved by the administrative judge below do not establish a basis for review).

---

[10] The administrative judge considered and rejected this argument. ID at 3 n.5.

The appellant failed to prove his discrimination claims.[11]

¶15 Below, the appellant relied on seven comparators to support his claims of discrimination based on race and national origin. IAF, Tabs 19-20. The administrative judge found that the appellant failed to prove his discrimination claims because none of these employees were similarly situated to him.[12] ID at 17-19. The appellant only challenges this finding as to two of the comparators, G.N. and R.B. PFR File, Tab 1 at 23-27.

¶16 The administrative judge found that G.N. and R.B. were not similarly situated to the appellant because: (1) they were arrested for driving while intoxicated, which is categorically different from aggravated assault; (2) there

---

[11] After the initial decision was issued, the Board issued a decision that clarified the evidentiary standards and burdens of proof under which it analyzes these claims. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 42-43, 51 (2015). We find that applying the analytical framework in *Savage* would not change the result in this case. Thus, based on the existing record, and for the reasons contained in the initial decision, we affirm the administrative judge's finding that the appellant did not meet his burden of proving these claims.

[12] The administrative judge also considered testimony from an agency Human Resources (HR) Specialist regarding five employees in District 1 who were indefinitely suspended based upon criminal charges. ID at 19-20. The appellant argues that the administrative judge should not have permitted the agency to introduce this evidence because the appellant was not aware of it prior to the hearing. PFR File, Tab 1 at 27. He further states that his discovery requests were confined to comparators in District 3, rather than agency-wide. *Id.* The appellant's arguments do not establish error because the agency is not precluded from introducing evidence simply because he failed to request it in discovery. *Cf. Spates v. U.S. Postal Service*, 68 M.S.P.R. 9, 12-13 (1995) (rejecting the appellant's argument that the agency's failure to produce evidence regarding a comparator precluded him from raising a disparate penalty claim below because, inter alia, he failed to request such information in discovery). Notwithstanding, we question whether these individuals were proper comparators for purposes of the appellant's claims of discrimination. The HR Specialist did not identify their races or national origins during her testimony and the administrative judge did not do so in the initial decision. HCD (testimony of HR Specialist); ID at 19-20. Further, given that they were all employed in District 1, whereas the appellant was employed in District 3, it is unclear whether their employment situations were sufficiently identical to the appellant's. *See Adams v. Department of Labor*, 112 M.S.P.R. 288, ¶ 13 (2009). We find it unnecessary to resolve this issue, however, because the appellant has not raised this argument and because we agree with the administrative judge's analysis regarding the individuals whom the appellant proffered as comparators.

was no evidence that their conduct received any media attention, or that they used Government property to commit their crimes; (3) the appellant failed to show that G.N. was subject to a probable cause finding; and (4) R.B.'s misconduct occurred in 2004, when the Office of Justice Services was under a different Director and agency leadership was considered more lenient.  ID at 18-19.

¶17    The appellant argues that, contrary to the administrative judge's findings, G.N. was subject to a probable cause finding.  PFR File, Tab 1 at 23-24.  He contends that it is not relevant whether G.N. used Government property in the commission of a crime because G.N.'s alleged misconduct was of comparable seriousness to the appellant's alleged misconduct.  *Id.* at 25-27.  Further, the appellant reiterates his belief that he was treated less favorably than R.B.  *Id.* at 25.

¶18    We discern no basis to disturb the administrative judge's analysis.  As an initial matter, to be similarly situated, employees must have reported to the same supervisor and been subject to the same standards governing discipline.  *See Adams v. Department of Labor*, 112 M.S.P.R. 288, ¶ 13 (2009).  The appellant does not challenge the administrative judge's finding that R.B.'s misconduct occurred more than a decade ago under different, more lenient agency leadership.  As such, R.B. is not a proper comparator.  Further, comparators must have been alleged to have engaged in misconduct similar to the appellant's alleged misconduct without differentiating or mitigating circumstances.  *Id*.  The appellant does not challenge the administrative judge's finding that neither G.N. nor R.B. received any media attention as a result of their alleged misconduct. The appellant, on the other hand, was the subject of news reports that revealed his identity and identified him as an agency employee.  Even if we were to accept the appellant's contention that driving while intoxicated is of comparable seriousness to aggravated assault using an agency-issued service weapon, this cannot defeat the aforementioned differences in notoriety.  For this same reason, we find that it is ultimately immaterial whether G.N. was subject to a probable cause finding.

<u>The agency did not violate the appellant's due process rights.</u>

¶19     Before taking an appealable action that deprives a tenured Federal employee of his property right in his employment, an agency must provide the employee with notice and a meaningful opportunity to respond, i.e., an opportunity to present a response, either in person or in writing, why the proposed action should not be taken.     5 U.S.C. § 7513(b);   *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 543-46 (1985).

¶20     The appellant submitted a reply to the agency's proposal notice, which the deciding official considered.   IAF, Tab 13 at 18-19, 23-37.   However, the appellant alleges that the agency violated his due process rights because it failed to inform him of several aggravating factors that the deciding official considered in reaching his decision, including that:  (1) the appellant's off-duty misconduct affected the efficiency of the service because he allegedly used his service weapon in the criminal incident; (2) the appellant's service weapon being in police custody interfered with his ability to perform his duties; (3) the appellant's conduct resulted in a national media incident;  and (4) the deciding official received several telephone calls regarding the criminal incident.  PFR File, Tab 1 at 4-6, 17, 20-21.

¶21     The first two issues do not establish a due process violation.  The proposal notice stated that the appellant was accused of putting his service weapon to the taxi driver's head.  IAF, Tab 13 at 40.  Thus, the appellant was clearly on notice that his alleged use of his service weapon in the commission of a crime was a factor the agency was considering.  Further, the deciding official did not testify that the fact that the appellant's service weapon was confiscated constituted an aggravating factor.  Rather, he simply testified that:  (1) he believed there was a nexus between the appellant's alleged crime and the efficiency of the service because the appellant allegedly used his service weapon to commit the crime; and (2) he was aware of this fact because the service weapon remained in police

custody as evidence when the agency took its annual firearm inventory. HCD (testimony of deciding official).

¶22 The latter two arguments also do not establish a due process violation. At the hearing, in response to a request to describe how the agency suffered embarrassment as a result of the appellant's criminal matter, the deciding official testified that: (1) the appellant's misconduct "caused a national media incident"; (2) news of the appellant's criminal matter reached the agency's Washington, D.C. office; (3) he had received telephone calls from the Washington, D.C. office and his chain of command regarding the appellant's criminal matter; and (4) while traveling to the Salt Lake City area, various agency employees have been asked if they are the individual who committed the criminal acts underlying the appellant's criminal matter. *Id.* This information was not included in the agency's proposal notice. Rather, the proposal notice stated only that there were multiple regional news reports regarding the appellant's criminal matter. IAF, Tab 13 at 40. However, the deciding official did not testify that he relied upon the aforementioned information in reaching his decision, and it is not mentioned in the decision notice. *Id.* at 18-20; HCD (testimony of deciding official). Thus, we find that a due process violation did not occur. *See Norris v. Securities & Exchange Commission*, [675 F.3d 1349](#), 1353-54 (Fed. Cir. 2012) (finding no evidence that the deciding official improperly considered ex parte information because, although she was admittedly aware of prior misconduct not cited in the proposal notice, she testified that it did not influence her decision and that she did not consider any information not contained in the proposal notice).

¶23 Based on the foregoing, we find that the appellant has not established any basis for review and we affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color,

religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                                                _____
                                                                      William D. Spencer
                                                                      Clerk of the Board

Washington, D.C.